|   |   |
|---|---|
| KRISTINE CASSAWAY, | No.1:17-CV-03076-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2018

SEAN F. McAVOY, CLERK

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12, 14. Attorney D. James Tree represents Kristina Cassaway (Plaintiff); Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff protectively filed an application for Supplemental Security Income (SSI) on March 22, 2010, Tr. 168, alleging disability since January 1, 2009, Tr.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

157, due to diabetes with two and a half toes amputated, Tr. 173.[1] The application was denied initially and upon reconsideration. Tr. 84-87, 91-96. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on June 19, 2012 and heard testimony from Plaintiff, medical expert, Harvey Alpern, M.D., psychological expert, Margaret Moore, Ph.D., and vocational expert, K. Diane Kramer. Tr. 39-77. The ALJ issued an unfavorable decision on July 20, 2012. Tr. 20-34. The Appeals Council denied review on September 26, 2013. Tr. 1-6. Plaintiff appealed the ALJ's July 20, 2012 decision to this Court on November 25, 2013. Tr. 976-78. This Court remanded the case back to the ALJ for additional proceedings on October 27, 2014 based on the stipulation of the parties. Tr. 983-84. ALJ Thomas Morris held remand hearings on May 3, 2016 and August 16, 2016 and heard testimony from Plaintiff and vocational expert, Anne Jones. Tr. 871-946. The ALJ issued an unfavorable decision on December 22, 2016. Tr. 848-61. The Appeals Council did not assume jurisdiction over the case within the prescribed period set forth in 20 C.F.R. § 416.1484, and the ALJ's December 22, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3). Plaintiff filed this action for judicial review on April 21, 2017. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 39 years old at the date of application. Tr. 157. Her highest

---

[1] Plaintiff also filed an application for Disability Insurance Benefits (DIB), Tr. 153, but the application was denied because she lacked the work credits necessary to qualify for coverage, Tr. 80. Plaintiff did not appeal this denial, and the DIB claim is not an issue in this case.

level of education was the eleventh grade, which she completed in 1988. Tr. 174. Her reported work history includes the jobs of child care provider and fast food cook. Tr. 175. Plaintiff reported that she stopped working on February 1, 2007 due to her conditions. Tr. 173.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of

proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 22, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 22, 2010, the date of application. Tr. 850.

At step two, the ALJ determined Plaintiff had the following severe impairments: status-post toe amputation; diabetes mellitus; lumbar spine degenerative disc disease; attention deficit-hyperactivity disorder (ADHD); major depressive disorder/bipolar disorder, not otherwise specified; personality disorder, not otherwise specified, with borderline and antisocial personality traits; cocaine dependence in sustained remission; and marijuana abuse. Tr. 850.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 851.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform less than a full range of light work with the following limitations:

> The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk (with normal breaks) for a total of about 3 hours in an 8-hour workday, sit (with normal break[s]) for a total of about 6 hours in an 8-hour workday, and push and/or pull in lower extremities is limited to use of the left foot. The combination of standing/walking should be no longer than 30 minutes before the claimant's work duties should return to sitting for at least 10 minutes before returning to duties requiring more standing/walking. Further, she can frequently crouch, occasionally climb ramps/stairs, balance, stoop, kneel, and crawl, and never climb ladders, ropes, or scaffolds. She is capable of understanding, remembering, and carrying out simple, routine tasks with customary breaks and lunch. There can be superficial contact with the general public and coworkers. The claimant will be off-task 10% over the course of an 8-hour workday.

Tr. 852-53. The ALJ concluded that Plaintiff had no past relevant work. Tr. 859.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of production assembler, laboratory sample carrier, and nut and bolt assembler. Tr. 860. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 22, 2010, through the date of the ALJ's decision. Tr. 860.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the opinion evidence, (2) failing to properly address Plaintiff's symptom statements, and (3) failing to properly develop the record.

## DISCUSSION

**1.      Opinion Evidence**

Plaintiff argues the ALJ failed to properly consider and weigh the

opinions expressed by Margaret Moore, Ph.D., Mary Pellicer, M.D., Roland Dougherty, Ph.D., and M. Gabriela Mondragon, MSW. ECF No. 12 at 7-15.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The opinion of a nonexamining physician may be rejected by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

  A. **Margaret Moore, Ph.D.**

At Plaintiff's June 19, 2012 hearing, Dr. Moore testified that Plaintiff met listing 12.09 due to her personality disorder. Tr. 51. She identified Plaintiff's 'B' Criteria under listing 12.08 as moderately impaired in activities of daily living,

markedly impaired in social functioning, markedly impaired in concentration, persistence, and pace, and one extended episode of decompensation. Tr. 53-54. She then testified that she could not separate Plaintiff's underlying mental health disorder from her substance abuse, stating:

> we've got a baseline set of problems here, but I can't see that this woman ever gets far enough clean on the clean and sober spectrum to really get a feel for how she might be able to do even with the personality disorder that is not going to magically disappear with clean and sober.

Tr. 58.

Dr. Moore's testimony that Plaintiff met listing 12.09 through her personality disorder means that Plaintiff also met listing 12.08 because to meet listing 12.09, a claimant must exhibit behavioral or physical changes associated with the regular use of substances that affect the central nervous system and the severity of behavioral or physical change is met when a claimant meets listings 12.02, 12.04, 12.06, 12.08, 11.14, 5.05, 5.08 11.02 or 11.03. 20 C.F.R. § 404, Subpart P, App. 1, Listing 12.00 (2016).[2] Here Dr. Moore stated that Plaintiff met listing 12.09 due to her personality disorder, meaning she also met listing 12.08.

The ALJ rejected Dr. Moore's testimony by stating that "Although Dr. Moore had an opportunity to review the record in 2012, the undersigned finds this opinion unpersuasive given the lack of substantiating evidence over the longitudinal period and accordingly give[n] little weight." Tr. 852. The ALJ then

---

[2]The requirements of listing 12.08 was amended and 12.09 was removed on January 17, 2017, but this is a reviewing Court, and it will apply the requirements of the listings that were in effect at the time of the ALJ's decision. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66,137 (Sept. 26, 2016).

went on to evaluate Plaintiff's 'B' criteria of listing 12.08 finding that Plaintiff's activities of daily living and social functioning had no more than moderate restrictions, concentration, persistence, or pace had a most a moderate restriction, and there were no episodes of decompensation. *Id*. The ALJ provided multiple citations to the record in support of this determination. Therefore, the ALJ provided enough to support his rejection of Dr. Moore's testimony under *Sousa* as Dr. Moore was a nonexamining opinion.

### B. Mary Pellicer, M.D.

On May 6, 2015, Dr. Pellicer reviewed medical records, examined Plaintiff, and provided an opinion as to her functional limitations. Tr. 1353-60. Dr. Pellicer opined that Plaintiff was able to stand and walk for less than two hours in an eight hour day with more frequent breaks, she was able to sit for about six hours cumulatively in an eight hour day with more frequent breaks, "A walker or wheel chair is medically necessary for neuropathy," she was able to lift and carry less than ten pounds occasionally, she was precluded from bending, squatting, crawling, kneeling or climbing, there were no manipulative restrictions, and she was able to see, speak, and travel independently and do all necessary self-care activates as long as she could sit down to do them. Tr. 1358.

The ALJ gave Dr. Pellicer's opinion little weight because her opinion was inconsistent with the record as a whole. Tr. 857. In coming to this conclusion, the ALJ looked to medical evidence contemporaneous to the opinion. *Id*. In April of 2015, Plaintiff presented to the emergency room with complaints of back and abdominal pain. Tr. 1322. Her exam showed a normal range of motion in her extremities 5/5 strength in the upper and lower extremities with "sensory grossly intact." Tr. 1329-30. This is inconsistent with Dr. Pellicer's evaluation finding decreased sensation to light touch in both legs from the knees down with numb feet. Likewise in an exam completed in the emergency room dated May 29, 2015, Plaintiff exhibited a steady gait, Tr. 1370, was able to ambulate to the bathroom

independently, *Id.*, and occasionally walk during her admittance for very short distances, Tr. 1372. This is inconsistent with Dr. Pellicer's opinion that plaintiff required a walker or a wheelchair. Tr. 1358. A finding that the opinion is inconsistent with the record as a whole meets the specific and legitimate standard. *Batson*, 359 F.3d at 1195. Therefore, the ALJ's rationale for rejecting Dr. Pellicer's opinion is legally sufficient.

      **C.    Roland Dougherty, Ph.D.**

Dr. Dougherty completed a psychological examination on September 14, 2010. Tr. 555-63. Following his exam, he made the following medical source statement:

> Ms. Cassaway was pleasant and cooperative with me. Her social skills appear to be fair. Her thinking was logical and goal-directed. She should be able to understand, remember, and follow simple directions. She may have significant difficulties getting along with others at work.

Tr. 563. The ALJ gave Dr. Dougherty's medical source statement great weight. Tr. 858. Plaintiff argues that the ALJ failed to account for Dr. Dougherty's opined limitation in getting along with supervisors in the residual functional capacity determination. ECF No. 12 at 15-16.

A provider's opinion should be reflected in the residual functional capacity determination unless the ALJ provides for a reason why the opinion was not adopted. *See* S.S.R. 96-8p. Here, Dr. Dougherty did not make an explicit finding regarding Plaintiff's ability to interact appropriately with supervisors. He only made a possible determination about Plaintiff's ability to interact appropriately with others: "She may have significant difficulties getting along with others at work." Tr. 563. This possible limitation in getting along with others in the workplace is ambiguous. The ALJ is responsible for resolving ambiguities. *Andrews*, 53 F.3d at 1039. Therefore, the ALJ adequately represented this possible limitation by finding "There can be superficial contact with the general public and

coworkers." Tr. 853. As such, the ALJ did not error in his treatment of Dr. Dougherty's opinion.

### D.     M. Gabriela Mondragon, MSW

On July 26, 2010, Ms. Mondragon completed a Psychological/Psychiatric Evaluation for the Washington Department of Social and Health Services. Tr. 545-52. She diagnosed Plaintiff with depressive disorder, not otherwise specified, and cocaine dependence reported in remission for eight months. Tr. 547. She opined that Plaintiff had a marked limitation in five areas of functioning and a moderate limitation in an additional five areas of functioning. Tr. 548. Phillip Rodenberger, M.D. also signed the form as the releasing authority. Tr. 550.

Ms. Mondragon is a mental health counselor and is not an acceptable medical source under the regulations. 20 C.F.R. § 416.902(a).[3] An ALJ must give reasons "germane" to each source in order to discount evidence from non-acceptable medical sources. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

The ALJ gave this opinion little weight because it was "inconsistent with how the claimant actually presented throughout the period at issue." Tr. 858. The ALJ then went on to provide a list of citations to the record to support his finding that "[w]hile there were some signs of being tearful and noted difficulty staying on task, including during Ms. Mondragon's exam, the claimant more consistently had an unremarkable presentation with such signs as normal memory and normal affect." *Id*. On August 31, 2009, Plaintiff's mood, affect, memory, and judgement were deemed normal. Tr. 513. On December 3, 2009, Plaintiff was observed with normal affect and normal behavior. Tr. 452. On December 21, 2009, Plaintiff was observed as tearful and anxious. Tr. 462. On March 22, 2010, Plaintiff's

---

[3]Prior to March 27, 2017, the definition of an acceptable medical source was located at 20 C.F.R. § 416.913.

psychiatric condition was listed as "Alert and oriented to person, place and time with normal affect." Tr. 440.  On June 9, 2010, Plaintiff had a normal affect and depressed mood with some suicidal ideation but denied any concrete plan or intent. Tr. 503.  On December 22, 2010, Plaintiff's mood, affect, memory, and judgement were deemed normal.  Tr. 623.  On March 30, 2011, Plaintiff expressed suicidal ideation.  Tr. 607.  On April 26, 2011, Plaintiff presented with an unstable mood, was tearful, and had suicide ideation.  Tr. 598.  On May 4, 2011, Plaintiff presented with an anxious affect.  Tr. 795.  On October 3, 2011, Plaintiff's mood, affect, memory, and judgement were deemed normal.  Tr. 593.

Plaintiff asserts that there is evidence to support Ms. Mondragon's opinion. ECF No. 12 at 13-14.  However, there is also evidence to support the ALJ's determination.  In fact, of the ALJ's ten citations to the record, as reproduced above, five showed normal findings and five showed abnormal findings.  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097.  Therefore, the ALJ's reason is sufficient to support his determination.

### 2. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's statements were not entirely consistent with the medical evidence and other evidence in the record. ECF No. 12 at 15-18.

It is generally the province of the ALJ to make determinations regarding the credibility of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's

complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 854. The ALJ reasoned that Plaintiff's symptom statements were unsupported by the medical evidence. Tr. 854-56. This is insufficient to meet the specific, clear and convincing standard. While objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," it cannot serve as the sole reason for rejecting a claimant's testimony. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ failed to provide any additional reason for rejecting Plaintiff's testimony. Tr. 854-56. Defendant argues that the ALJ also found that Plaintiff failed to follow prescribed treatment for diabetes. ECF No. 14 at 11. While the ALJ addresses noncompliance with diabetic care, he does so in the summation of Plaintiff's medical history and not as a discrete reason to reject her testimony. Tr. 854.

Since the ALJ failed to properly support his determination regarding Plaintiff's symptom statements, the case is remanded for additional proceedings to allow the ALJ to make an adequate symptom statement determination.

**3. Develop the Record**

Plaintiff alleges that the ALJ moved the date of Plaintiff's hearing up by several months resulting in counsel not having adequate time and resources to develop the record and upon notifying the ALJ of this fact, the ALJ then failed to develop the record prior to making his determination. ECF No. 12 at 18-19.

There was a discussion at Plaintiff's August 2016 hearing that Plaintiff's hearing was originally scheduled for October of 2016, but that it was rescheduled to August of 2016 with only five-days' notice and Plaintiff was unable to gather all

the outstanding records in that amount of time. Tr. 907-10. Following the hearing, Plaintiff's representative submitted a letter requesting that the ALJ assist in gathering the outstanding records because Plaintiff did not have the time or the resources to gather the evidence. Tr. 1269-70.

Regardless of the reasons why the outstanding evidence was never associated with the record, the Ninth Circuit has established that the ALJ has a duty to develop the record even when a claimant is represented. *Smolen*, 80 F.3d at 1288. In light of this, upon remand, the ALJ will assist Plaintiff's counsel to ensure that all outstanding evidence is requested and made a part of the record.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

While Plaintiff requests that this Court remand for an immediate award of benefits, ECF No. 12 at 20, it is not clear from the record that the ALJ would be

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13

required to find Plaintiff disabled if all the evidence were properly evaluated and there are records that need to be requested and associated with the record. Further proceedings are necessary for the ALJ to properly address Plaintiff's symptom statements and ensure the record is fully developed. In light of the changes made to the 12.00 listings after the December 2016 decision, the ALJ will call an additional psychological expert to testify at a remand hearing as to whether or not Plaintiff meets a listing at step three and as to Plaintiff's mental residual functional capacity.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED April 30, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE